# Daley *v.* The State.

## *Abusive Language.*

(Decided June 3, 1915.   69 South. 338.)

1. *Disorderly Conduct; Abusive Language; Woman.*—A woman may be convicted of the violation of the provisions of section 6217, Code 1907, since the words of the statute "any person" include all persons, male and female.

2. *Statutes; Construction.*—Where the language of a statute is clear, it should be construed to mean just what it says, and it is only when the meaning and intent is not obvious, that the court attempt to ascertain the legislative intent by considering other matters aside from the language used.

APPEAL from Limestone Circuit Court.

Heard before Hon. R. C. BRICKELL.

Annie Daley was convicted of using abusive, insulting or obscene language in the presence or hearing of a female, and she appeals. Affirmed.

(This cause was reviewed by the Supreme Court on certiorari to the Court of Appeals, and the writ was denied with an opinion. See *Ex parte Daly v. The State,* 194 Ala., 69 South. 598.—Reporter.)

W. R. WALKER, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant is a woman, and the only question presented by the record on this appeal is whether a woman is within the scope of section 6217 of the Code against using abusive, insulting, or obscene language, and subject to indictment and conviction under its provisions.

[Daley v. The State.]

(1, 2) The language of the statute makes it an offense for "any person" to use the inhibited language under the circumstances specified. The meaning and intention of the lawmakers is plainly expressed by the words used, and may, we think, without difficulty of construction, be gathered from the context by an interpretation of the well-defined unambiguous words employed in the statute, without resort to extrinsic aid as an assistance to its construction. "Any person," as here used in the statute, is undoubtedly in the broad sense referring to all persons, and includes both men and women. There is nothing to justify, according to the unambiguous language used, a construction of the words, "any person," that would limit their meaning to include only such persons as are of the male sex and exclude a person of the female sex.

"When language is clear it should be considered to mean just what it says."—*Little v. Foster,* 130 Ala. 163, 30 South. 477.

"So, where the language of the statute is clear and unambiguous, there is no room for construction, and it is only when the meaning and intent are not obvious that the courts attempt to arrive at the lawmakers' intent by considering other matters aside from the language used.—*City of Birmingham v. Southern Ex. Co.,* 164 Ala. 529 [51 South. 159]." *Bozeman v. State,* 7 Ala. App. 151, 157, 61 South. 604, 606.

Defendant's counsel in a carefully prepared brief sets out the forerunners of the present statute, and argues that the history of these enactments carries with it a basis for his contention that women were not intended to be included within the scope of the present statute (section 6217 of the Code of 1907). In this connection attention is called to the fact that in the progenitors

312   COURT OF APPEALS   [Vol.

[Daley v. The State.]

of the present statute, until codified and incorporated as section 4031 of the Code of 1886, the personal pronoun "he" was used in the connection that any person who should be found guilty of violating the provisions of the statute, "he" should be deemed guilty of a misdemeanor, etc. We fail to see any force in the argument, inasmuch as the omission of the use of the masculine personal pronoun from the present statute (Code, § 6217) under which the indictment was framed and prosecution had, would be indicative of an intention upon the part of the lawmakers to include both sexes within the scope of the provisions of the statute as re-enacted in the Codes of 1886, 1896, and 1907, as sections 4031, 4306, and 6217, respectively. But, for that matter, we think the original enactment approved March 15, 1875 (Acts 1874-75, p. 240), included within its scope and authorized the punishment of women for a violation of its provisions, for it has always been held in this state, where the contrary does not clearly appear, that words used in the masculine gender include the feminine, and there has been a statutory enactment in this state since before the adoption of the act of March 15, 1875, attaching that signification to the use of the masculine gender when used in the Code. Code 1907, § 1, and the same section of the Code of 1896, 1886, 1876, 1867, and 1852. We find nothing in the history of the enactment or the extensive argument of counsel contained in brief that leads us to conclude to the contrary. The fact that men as a rule are morely likely to be guilty of the offenses created by this statute carries with it no reason why women who do violate its provisions should not be indicted and convicted under its provisions when the terms of the statute plainly include women and embrace them within its provisions. That

some women are not free from the use of language that comes under the band of the statute is borne out by the record in this case; it being admitted by counsel in brief that the language used by the woman defendant was per se insulting. The object and purpose of 'the' statute is to conserve the protection of the home and women, and there is just as much reason for protecting women against the use of abusive, insulting, or vulgar language by other women of a nature or character of such coarseness as would permit of their violating the statute as to protect them against the use of the prohibited language by men, albeit that it be granted, as argued, that the offense is more likely to be committed by men than women, and that this is a fact within common knowledge, of which we take judicial notice.

Affirmed.